DES MOINES INSURANCE COMPANY v. GEORGE W. TONES, Appellant.

:Settlement: INSURANCE COMMISSIONS: *Settlement upheld.* Defendant was a clerk in the employ of plaintiff, an insurance company, and was paid a commission on all risks obtained by him, in addition to his salary of $60 a month. His agency account was open to his inspection, and he made settlements with the company for premiums collected, paying over amounts found due after correction of the account, without making any claim for the commissions in suit. After defendant left the company, and two years after they had all been earned, and in suit for premiums collected and not turned over, he for the first time claimed that certain commissions had not been credited to him. *Held,* that a finding that he was not entitled to the allowance of such commissions was justified.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

THURSDAY, JANUARY 24, 1901.

ACTION to recover money collected as the plaintiff's agent. Counterclaim for unpaid commissions. Trial and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. E. Hunn* for appellant.

*Read & Read* for appellee.

SHERWIN, J.—This action was brought to recover premiums for insurance issued by the appellee, which are alleged to have been collected by the appellant between the fourth of February and the twenty-ninth of March, 1898, and retained by him. The defendant filed a counterclaim for commissions on premiums obtained in 1894, 1895 and 1896. The amount of his claim is $1,163.51. It appears that during the years last named, and for a long time prior thereto, the defendant was employed as a clerk in the plaintiff's office in Des Moines, and that commencing with the year 1894 a practice was in vogue there permitting the clerks to solicit insurance, and paying them commissions on business procured by them. Charles Counselman & Co. were customers of the plaintiff, and had been for some time before the year 1894, but it seems that some dissatisfaction arose on account of the way in which their insurance was written and attended to by one Tam, who was one of appellee's agents. The defendant was acquainted with Counselman & Co.'s manager, and it was suggested to him by appellee's secretary that he attempt an adjustment of the difficulty, and, if possible, retain their business. In pursuance of this suggestion the defendant claims that he had several interviews with the manager of the concern, and that he did in fact take Counselman & Co.'s applications for a large amount of insurance during the time specified. There is practically no dispute as to the fact that the defendant took the office charge of Counselman & Co.'s business—such as seeing that their policies were properly written, indorsed, et.—nor as to the fact that appellee retained such business. The evidence shows, however, that a separate account was kept with each clerk who procured insurance for the plaintiff upon which he was entitled to receive commissions, which showed the policies procured, the amount of premium paid, and the commission paid or to be paid on account thereof; and these entries were made as the business came into the office. The appellant had an account of this kind

on the books of the company, which was at all times while in their employ subject to his inspection, and which was at times corrected on his request.   No credits were allowed him in this account for the commissions which he now claims.   This account was balanced several times after these commissions would have been earned if due him at all. After December 16, 1897, commissions on all of the Charles Counselman & Co. business were credited to the defendant in his agency account.   On the last of January, 1898, the defendant owed the plaintiff on this account, as shown by the books, $227.49, which was paid in March, after the defendant had ceased to be employed by the plaintiff.   Before this payment was made, however, it was discovered that the defendant had issued policies to Counselman & Co., and collected premiums therefor which had not been reported or entered on th books by him, and that there was due the plaintiff on account thereof the sum of $353.89, which was paid February 7, 1898.   The account sued on by plaintiff is for premiums collected after the January, 1898, settlement. and in July, 1898, he went over his agency account with the plaintiff's bookkeeper, and, after certain corrections therein, it was found and agreed that there was due the plaintiff from the defendant $259.93.   Not until after the defendant had quit the employ of the plaintiff, nor until after he was pressed for a full settlement of his agency account, did he make any claim for the commissions he now asks to be allowed him.   But he urges that, as a business man, he paid the balance due the company from time to time without thought of the money due him.   According to his own testimony, the highest wages he received while working for the plaintiff was $60 per month, which he says he drew semi-monthly; and still he permitted his agency account to remain without proper credits, not only during all the time he was earning the commissions, but for about two years thereafter.   He paid balances found due the appellee, and checked over and had his accounts corrected,

without a whisper as to the commissions in suit. Such conduct, in addition to being far removed from good business principles, is almost inconceivable, and does not strongly impress us. Without going into the evidence more in detail here, we say that a careful examination of it has satisfied us that the judgment of the trial court is right, and it is affirmed.—AFFIRMED.